IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **JAMES RALPH ODOM,** § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **GREGG COUNTY SHERIFF'S** § <br> **DEPARTMENT, ET AL.,** § <br> § <br> Defendants. § | **CIVIL ACTION NO. 6:23-CV-00032-JCB-JDL** |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Plaintiff James Ralph Odom, an inmate presently confined at the Gregg County Jail in Longview, Texas, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983, alleging multiple instances of excessive force by Gregg County Jail staff. (Doc. No. 1.) The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Before the court is Defendants Kevin Hoover and Melissa Owens's motion for summary judgment filed on March 12, 2024. (Doc. No. 37). For the reasons set forth herein, the court **RECOMMENDS** that Defendants' Motion (Doc. No. 37) be **GRANTED.**

### BACKGROUND

Plaintiff's original complaint alleges several instances of excessive force by Gregg County Jail staff. The complaint identifies as Defendants the Gregg County Sheriff's Department, Kevin Hoover, Melissa Owens, and three other officers identified only by their last names. (Doc. No. 1.) On March 6, 2024, the district court dismissed all of Plaintiff's claims pursuant to 28 U.S.C

§ 1915A(b) except for the First Amendment claim against Defendant Hoover and the excessive force and medical deliberate indifference claims against Defendant Owens. (Doc. No. 36.)

Defendants Hoover and Owens now move for summary judgment on the basis that Plaintiff failed to exhaust administrative remedies. (Doc. No. 37.) Plaintiff has not filed a response to the motion for summary for judgment and the period in which to respond has passed. *See* L.R. CV-7(e).

## LEGAL STANDARD

A motion for summary judgment should be granted if the record, taken as a whole, "shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The Supreme Court has interpreted the plain language of Rule 56 as mandating "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323–25). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

If the movant meets this burden, Rule 56 requires the opposing party to go beyond the

pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

When ruling on a motion for summary judgment, the Court is required to view all justifiable inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587. However, the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995).

## DISCUSSION

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The term "prisoner" as defined by the PLRA includes jail inmates. *See* 42 U.S.C. § 1997e(h). The exhaustion requirement "provide[s] administrators with a fair opportunity . . . to address the problem that will later form the basis of the suit[.]" *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). The Supreme Court has held that the PLRA's exhaustion requirement is mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Thus, "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Proper exhaustion means that an inmate must not only pursue all available avenues of relief but must also

3

comply with all administrative deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006).

Defendants argue that Plaintiff failed to exhaust Gregg County's administrative remedies regarding his claims before filing suit. (Doc. No. 37). Specifically, Defendants claim that although Plaintiff submitted several grievances to the Grievance Board regarding the events described in his original complaint, he did not appeal the Grievance Board's decisions to the appropriate department officials. Defendants attached exhibits of all the grievances Plaintiff submitted between January 9, 2023, and January 19, 2023, as well as the Gregg County Inmate Handbook, which details the administrative grievance process for Gregg County Inmates. (Doc. No. 37-1; Doc. No. 37-3.) The records are accompanied by a sworn affidavit from the custodian of records for the Gregg County Sheriff's Office, Jeff Callaway. *Id.* at 1. These records show that Plaintiff initiated five grievances between January 9, 2023, and January 19, 2023, including the grievances at issue here. *Id.* at 2–11. Each of the grievances is marked as "Resolved-Closed". *Id.* However, the records do not indicate that Plaintiff ever appealed any of these decisions to the Facility Lieutenant within 7 days of the initial resolution.

As noted above, Plaintiff did not file a response to the instant motion. Therefore, the record before the court is insufficient to raise a genuine dispute of material fact. *See Little*, 37 F.3d at 1075. The only question remaining is whether Plaintiff fully exhausted the proper administrative process.

The Gregg County Sheriff's Department has a 3-step grievance appeal process. That process is outlined in the Gregg County Inmate Handbook. (Doc. No. 37-3, at 1.) The handbook states that an offender has 7 days from the date of an incident to file an initial grievance. *Id.* Inmates can submit their grievance either through a paper grievance form or through an electronic kiosk

4

system. (Doc. No. 37-1, at 2–3.) When an inmate submits a grievance through the kiosk system, the inmate chooses the "Grievance" tab and types out their grievance. *Id.* The grievance is then transmitted to the Grievance Board, which provides a decision on the grievance within 15 days. *Id.* If the inmate is unsatisfied with the Grievance Board's decision, the inmate can appeal the initial decision by filing an appeal within 7 days of the initial decision. *Id.* To appeal the Grievance Board's decision through the kiosk system, the inmate selects the "Grievance Appeal" tab. *Id.* The first appeal goes to the Facility Lieutenant. The second appeal goes to the Facility Administrator. The third and final appeal goes to the Sheriff. (Doc. No. 37-3, at 1.)

Here, Plaintiff submitted multiple grievances regarding the conduct alleged in the original complaint through the electronic kiosk system, and the Grievance Board provided responses to those grievances. However, the summary judgment evidence shows that Plaintiff never attempted to appeal any of the Grievance Board's decisions as required by the Gregg County Inmate Handbook. "Proper exhaustion means that an inmate must not only pursue all available avenues of relief but must also comply with all administrative deadlines and procedural rules." *Pickard v. Cerliano*, No. 6:20-CV-411-JCB, 2021 WL 2907902, at *3 (E.D. Tex. June 8, 2021), *report and recommendation adopted*, No. 6:20-CV-00411, 2021 WL 2895184 (E.D. Tex. July 9, 2021) (citing *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006)). Thus, summary judgment is proper because the undisputed evidence shows that Plaintiff failed to fully exhaust his available administrative remedies before filing this lawsuit.

## CONCLUSION

For the reasons stated above, the court **RECOMMENDS** that Defendants' motion for summary judgment (Doc. No. 37) be **GRANTED** and that this action be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to exhaust administrative remedies.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within 14 days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 22nd day of April, 2024.**

*[signature: John D. Love]*

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE